IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| MELINDA MCCOY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : CIVIL ACTION NO. |
| CREATIVE CONSULTING | : 2:07-CV-0098-RWS |
| SERVICES OF NORTHEAST | : |
| GEORGIA, INC., JUDITH | : |
| MENDOZA, NICOLE ALLEN | : |
| DONNA TERRY, ANDREA | : |
| PHELPS, | : |
| | : |
| Defendants. | : |

## ORDER

This case comes before the Court on Plaintiff's Motion to Remand [9]. After reviewing the entire record, the Court enters the following Order.

## Background

Plaintiff Melinda McCoy brought this action in the Superior Court of Rabun County, Georgia, alleging that Defendants engaged in a pattern of racketeering activity in violation of O.C.G.A. § 16-14-1, et seq., malicious prosecution, and intentional infliction of emotional distress.   On August 8,

AO 72A
(Rev.8/82)

2007, Defendants removed this action to this Court, contending that Plaintiff's allegations also include a federal question—specifically, a claim of retaliation in violation of the First Amendment—that is subject to the jurisdiction of this Court. On November 16, 2007, Plaintiff moved this Court to remand this action to the Superior Court of Rabun County. Defendants have filed no opposition to Plaintiff's Motion.

**Discussion**

Unless Congress explicitly provides otherwise, a defendant may remove to federal court a civil action brought in state court, provided that the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a)-(b). Original jurisdiction may be based on either the presence of a federal question or diversity of citizenship of the parties. 28 U.S.C. §§ 1331, 1332.

The party seeking removal bears the burden of establishing federal jurisdiction. Friedman v. New York Life Ins. Co, 410 F.3d 1350, 1353 (11th Cir. 2005). Removal statutes should be construed narrowly with any doubt resolved in favor of remand. Allen v. Christenberry, 327 F.3d 1290, 1293 (11th Cir. 2003); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("Defendant's

2

right to remove and plaintiff's right to choose his forum are not on equal footing; . . . removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.").

Sound reasons exist for so limiting the exercise of removal jurisdiction. For one, the removal of cases to federal courts implicates principles of federalism. As the Supreme Court has explained:

> The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."

Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109, 61 S. Ct. 868, 85 L. Ed. 1214 (1941) (quoting Healy v. Ratta, 292 U.S. 263, 270, 54 S. Ct. 700, 78 L. Ed. 1248 (1934)).

Second, resolving any doubt in favor of remand "prevents exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal, a result that

3

is costly not just for the plaintiff, but for all the parties and for society when the case must be relitigated." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (internal quotations omitted).

From their Petition for Removal, Defendants appear to assert that this Court has federal question jurisdiction over this action because Plaintiff made several allegations in her Complaint that Defendants' retaliatory conduct amounted to a violation of the First Amendment. Nevertheless, Plaintiff does not bring a claim under 42 U.S.C. § 1983 or any other federal law in her Complaint, nor does her Complaint raise a question of federal law. As Plaintiff correctly contends, mere references in a complaint to violations of federal law as predicate acts to a state RICO claim do not, without more, confer federal court jurisdiction. See Neigborhood Mortgage, Inc. v. Fegans, No. 1:06-CV-1984-JOF, 2007 WL 2479205 (N.D. Ga. Aug. 28, 2007) (Forrester, J.); Graham Commercial Realty, Inc. v. Shamsi, 75 F. Supp. 2d 1371 (N.D. Ga. 1998) (O'Kelley, J.); Patterman v. Travelers, Inc., 11 F. Supp. 2d 1382 (S.D. Ga. 1997) (Alaimo, J.). Having made no attempt to rebut Plaintiff's compelling assertion that no federal question is present on the face of her Complaint, Defendants have failed to meet their burden of establishing federal jurisdiction.

4

In sum, Defendants, as the removing party, bear the burden of establishing federal jurisdiction. By failing to respond to Plaintiff's Motion to Remand, they have failed to carry that burden. The Court perceives no federal question that exists on the face of Plaintiff's Complaint. The Court, therefore, lacks subject matter jurisdiction. Plaintiff's Motion for Remand is **GRANTED**.

## Conclusion

For the foregoing reasons, Plaintiff's Emergency Motion to Remand [9] is **GRANTED**. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Superior Court for Rabun County, Georgia, such that this action may proceed in that forum.

**SO ORDERED** this  29th  day of January, 2008.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE